# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| RONALD HASTINGS | : | DOCKET NO. 04-1111 |
|---|---|---|
| VS. | : | JUDGE TRIMBLE |
| JO ANN B. BARNHART, COMMISSIONER OF SOCIAL SECURITY | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Presently before the court is Plaintiff's Petition for Attorney's Fees and Expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA). [doc. 15]. This motion has been referred to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. §636(b)(1)(B).

This matter was reversed and remanded to the Commissioner pursuant to the fourth sentence of 42 U.S.C. §405(g). Thus, plaintiff qualifies as a prevailing party. Plaintiff's attorney seeks fees of $ 1,343.75 (10.75 hours at $ 125/hour) plus $ 13.95 for mailing expenses. The Commissioner opposes the number of hour claimed by plaintiff's counsel due to counsel's failure to adequately document her hours. Also, the court *sua sponte* questioned the propriety of the fee award. A hearing was held on July 7, 2005, to address the motion. The matter is now before the court.

## Discussion

Prior to the hearing, plaintiff's counsel was ordered to produce her contemporaneous time records. (*See*, June 21, 2005, Order). Upon further prompting, plaintiff's counsel reluctantly

produced her records. The records reveal that counsel has assigned predetermined lengths of time to approximately 15 activities that she typically performs in a social security case. For instance, one activity is "Review of ALJ's decision for alleged errors of fact and law" for which she has automatically assigned a time of 150 minutes – regardless of the actual time that it takes. Similarly, "Interview with client and draft Complain" has been assigned a time of 45 minutes. In at least eight other EAJA petitions recently filed by plaintiff's counsel, these same tasks, and others, were always listed as taking the same amount of time. *See e.g.*, *Francis v. SSA*, 04-00516 (W.D. La.); *Augustine v. SSA*, 04-0109 (W.D. La.); *Fontenot v. SSA*, 03-1878 (W.D. La.); *Hawkins v. SSA*, 03-1879 (W.D. La.); *Peters v. SSA*, 03-2326 (W.D. La.); and *Green v. SSA*, 03-1700 (W.D. La.). In fact, counsel's records indicate that she uses a form sheet with the tasks and time already filled in. The only changes are to the dates.

Adequate documentation is a necessary predicate to a claim for attorney fees under the EAJA. *Hexamer v. Foreness*, 997 F.2d 93 (5th Cir. 1993). Petitioner bears the burden of documenting the appropriate hours expended. *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933 (1983). In the analogous, but less egregious practice of billing in quarter-hour increments, the courts have found that this practice is excessive, and does not reasonably represent the number of hours worked. *See, Sandoval v. Apfel*, 86 F.Supp. 2d 601, 615 (N.D. Tex. 2000); *Zucker v. Occidental Petroleum Corp.*, 968 F.Supp. 1396, 1403 (C.D. Cal. 1997), *affirmed*, 192 F.3d 1323 (9th Cir. 1999); and *Bowman v. Secretary of HHS*, 744 F.Supp. 898, 901 (E.D. Ark. 1989). *A fortiori*, the same result obtains here. Accordingly, we find that the number of hours sought by plaintiff's attorney should be reduced to the lowest amount that is supported by

the record.[1]  In this case, that amount is 5.38 hours.

For the foregoing reasons, it is RECOMMENDED that attorney's fees be fixed at $672.50 (5.38 hours at $125/hour). It is further RECOMMENDED that $ 13.95 be awarded for reimbursement of mailing expenses.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 8th day of July, 2005.

*[signature]*
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE

---

[1] "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Leroy v. City of Houston*, 831 F.2d 576, 586 (5th Cir. 1987)(quoting *Hensley, supra*).